## CHARLES F. RANNELLS v. NOAH H. ALBAUGH ET AL.

TRADE-MARK FOR CERTAIN FRUIT TREES DOES NOT EXTEND TO REPRODUCTIONS THEREOF.

· The protection of a trade-mark cannot be obtained for an organic article which, by the law of its nature, is reproductive and derives its chief value from its innate vital powers, independent of the care or ingenuity of man; hence a trade-mark designed to cover a certain kind of nursery-grown peach tree, will not in the absence of a restrictive contract extend to the reproductions thereof after sale, so as to render the general dealing therein by vendees unlawful.

ERROR to Miami common pleas court.

Sometime in 1889, Mr. N. H. Albaugh, of Tadmor, Ohio, president of the Albaugh Nursery Company, found a peach tree of an unknown variety, purchased it, named it the "Diamond Cling," and had the name and an appropriate label recorded by the United States government as a trade-mark of said Nursery Company. Trees that were grown from the buds of the "Diamond Cling" were put upon the market in 1890, and large numbers of them sold to private customers and other nurserymen. The latter put them on the market. The plaintiff, being a dealer in trees, sold a large number of this variety to customers in other states. It is claimed by plaintiff that the defendant and the Albaugh Nursery Company, through their agents, informed the customers of plaintiff that the defendants, by virtue of the trade-mark aforesaid, had the exclusive right to sell the trees, and that if the said customers took the trees from plaintiff they would be sued by the defendants, and were purchasing a lawsuit. The customers declined to take the trees, and Rannells thereby lost the result of his sales. He brought suit against N. H. Albaugh and the Albaugh Nursery Company, and claimed that the ·product of a tree or anything else that reproduces itself is not protected by a trade-mark. The common pleas court held otherwise, and a verdict was returned for the defendants. Error was thereupon prosecuted to the circuit court.

·J. A. Kerr and G. T. Thomas, for plaintiff in error:

Sale of a nursery stock or other natural product which reproduces itself, in the absence of a special contract which prohibits it, carries with it the right to reproduce and sell the product under the original

Rannells v. Albaugh.

name. *Higgins* v. *Keuffel*, 140 U. S. 428 [11 Sup. Ct. Rep. 731; 35 L. Ed. 470]; *Hoyt* v. *Lovett*, 71 Fed. Rep. 173 [17 C. C. A. 652; 39 U. S. App. 1].

**Long & Kyle** and **W. S. Kessler,** for defendants in error.

**DUSTIN, J.**

This cause was submitted by counsel upon the sole question as to whether defendant's trade-mark, "The Diamond," as described in exhibit "B," and meant to cover a certain kind of nursery-grown peach tree, would, in the absence of a restrictive contract, extend to the reproductions thereof, after sale, and render the general dealing therein by said vendees unlawful.

We are of the opinion that the principle announced in *Hoyt* v. *Lovett*, 71 Fed. Rep. 173 [17 C. C. A. 652; 39 U. S. App. 1], is sound, and that, "The protection of a trade-mark cannot be obtained for an organic article which, by the law of its nature, is reproductive and derives its chief value from its innate vital powers independent of the care or ingenuity of man."

We think that the court erred in directing the jury to return a verdict for defendant, and in not sustaining the motion for a new trial. The judgment, therefore, of the common pleas court will be reversed, and the cause remanded for a new trial.

**Wilson** and **Sullivan, JJ.,** concur.